*E-FILED - 2/13/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT JUAREZ, | ) | No. C 08-5691 RMW (PR) |
| Plaintiff, | ) | ORDER OF DISMISSAL |
| v. | ) | |
| CLERK, UNITED STATES FEDERAL COURT, SAN JOSE, | ) | |
| Defendant. | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint for failure to state a cognizable claim under § 1983.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1988).

2  B.   Plaintiff's Claims

3  Plaintiff asserts a claim against an unnamed clerk of the United States District Court for the Northern District of California in San Jose, complaining that he never received an opinion denying his previously filed federal case, docket number C 99-20121 RMW.

However, he has failed to allege a claim involving a deprivation of rights significant enough to rise to the level of a constitutional violation.  Negligence is not actionable under § 1983. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998).  Only conduct intended to injure in some way unjustifiable by any government interest is the sort of official action likely to rise to the conscience-shocking level required to support a substantive due process claim under § 1983. See id.  Moreover, the clerks of court are entitled to "absolute quasi-judicial immunity from damages for civil rights violations" when performing "tasks that are an integral part of the judicial process."  Mullis v. U.S. Bankr. Court for the Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987).

Because no amendment could change the fact that plaintiff's claim fails to allege a constitutional violation, this case will be dismissed without leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1127, 1129 (9th Cir. 2000) (en banc) (district courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints, unless no amendment could save the complaint).

Accordingly, the instant complaint is DISMISSED with prejudice for failure to state a cognizable claim under § 1983.

## CONCLUSION

This case is DISMISSED with prejudice.  The clerk shall close the file.

The clerk is also instructed to send a standard "Request for Copies" form to plaintiff to fill out so that he may order copies of such pleadings as he requests.

///

1  IT IS SO ORDERED.
2  DATED: 2/12/09

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge